Daniel B. Asimow, Attorney, Arnold & Porter LLP, San Francisco, CA, Robert Reeves Anderson, Arnold & Porter LLP, Denver, CO, John B. Bellinger, III, Arnold & Porter LLP, Washington, DC, for Defendant–Appellee

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

Eitan Ovadia Eliahu appeals pro se from the district court's judgment dismissing his action for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 765 (9th Cir. 2007), and we affirm.

The district court properly dismissed Eliahu's action for lack of subject matter jurisdiction because Eliahu failed to establish an exception to Israel's immunity under the Foreign Sovereign Immunities Act ("FSIA"). *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989) (statutory exceptions to FSIA provide sole basis for jurisdiction over a foreign state).

The district court did not abuse its discretion in denying Eliahu's request for jurisdictional discovery because Eliahu did not identify any discovery supporting his claim that a FSIA exception applied. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (setting forth standard of review and affirming denial of a request that "was based on little more than a hunch that it might yield jurisdictionally relevant facts").

Eliahu's request for oral argument, filed on September 12, 2016, is denied.

**AFFIRMED.**

**Relaun Vau Hare DEADMON, Plaintiff–Appellant,**

v.

**Jeffrey WANG; et al., Defendants–Appellees.**

No. 15-15704

United States Court of Appeals, Ninth Circuit.

Submitted October 25, 2016 *

Filed November 02, 2016

Relaun Vau Hare Deadmon, Pro Se

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

### MEMORANDUM **

Relaun Vau Hare Deadmon, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii), *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed Deadmon's action because Deadmon failed to allege facts sufficient to state a deliberate indifference claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1057–60 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient to establish deliberate indifference); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in determining whether the complaint states a claim for relief, "we may consider facts contained in documents attached to the complaint").

The district court did not abuse its discretion by denying Deadmon leave to file a second amended complaint after providing him with an opportunity to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile);

*see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (a district court's discretion to deny leave to amend is particularly broad when it has afforded plaintiff one or more opportunities to amend). Contrary to Deadmon's contention, the district court provided sufficient notice of the complaint's deficiencies.

Even if the district court erred in finding that Deadmon's objections were late, the objections would not change the result in this case.

### AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

